IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN L. DAVIS,

                        OPINION AND ORDER

            Petitioner,

                        15-cv-408-bbc
                        11-cr-81-bbc

     v.

UNITED STATES OF AMERICA,

            Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner John L. Davis believes that he was sentenced illegally and has filed a motion to vacate his sentence under 28 U.S.C. § 2255. He asserts two claims of ineffective assistance of counsel and one of prosecutorial misconduct, but has no facts to support any of his claims. More to the point, at his plea hearing, when he was under oath, he disavowed many of the "facts" he now alleges in support of his motion. Accordingly, his motion will be denied.

RECORD FACTS

      Petitioner John L. Davis was convicted on his plea of guilty to one count of distribution of heroin and sentenced on December 21, 2011 to a term of 168 months. He was found to be a career offender because he had two prior felony convictions, one for a crime of violence (substantial battery with intent to commit bodily harm) and one for

1

delivery of cocaine). A very conservative estimate of his relevant conduct was that it involved distribution of at least 84 grams of heroin, thus giving him a base offense level of 24. This level was increased to level 32 because of petitioner's career criminal status. With a three-level reduction for acceptance of responsibility, petitioner's advisory guideline range was 151 to 188 months.

At the time of defendant's sentencing, he was awaiting the disposition of cases pending in state court. I left open at his sentencing the possibility that his federal sentence would run concurrently with his state sentences. Sometime after defendant was sentenced and while his appeal of the sentence was pending, the Supreme Court decided in <u>Setser v. United States</u>, 132 S. Ct. 1463 (2012), that federal courts have the authority to determine whether the sentences they are imposing should run consecutively to or concurrently with state sentences that have yet to be imposed. The Bureau of Prisons wrote to this court to ask its opinion on whether petitioner's sentence should run concurrently with later-imposed state sentences on a retroactive basis and I responded that it should. Later, to make sure that the retroactivity question was settled, I entered a formal order to that effect.

Later still, petitioner filed this motion for post conviction relief, contending that his court-appointed counsel had failed to object to the drug weight assigned to petitioner and had given petitioner inadequate advice about the amount of time he was likely to receive if he entered a guilty plea. In addition, petitioner contended, the government had committed misconduct by threatening to give him at least 30 years if he did not plead guilty immediately.

In a "reply to government's response," dkt. #9 (15-cv-408), petitioner adds allegations about his counsel to the effect that after sentencing, his counsel told him that the government had initially offered 5 to 7 years but had withdrawn the offer and "escalated the sentence to 14 years"; that counsel had told him that he would be pleading to only 5 to 7 years so as to coerce him into pleading guilty; and that counsel had told him that only one gram of heroin could be charged against him, which meant that his sentence would not exceed five years. Id. at 1.

OPINION

Petitioner bases his motion on factual allegations regarding the actions of his court-appointed counsel and the prosecutor. The general rule is that factual allegations require an evidentiary hearing to allow the court to determine the relevant facts "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No such hearing is necessary in this case, however, because petitioner's factual allegations are sketchy at best and the record shows conclusively that petitioner is not entitled to any relief. United States v. Collins, 796 F.3d 829, 834 (7th Cir. 2015) ("If a motion is premised on a defendant's untruthfulness during plea proceedings, a court may (unless the defendant has a compelling explanation) reject that motion out of hand.") (citing United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005)).

Petitioner's first claim has to do with his counsel's alleged failure to object to the drug weight calculated by the probation officer in determining petitioner's offense level. The

3

probation office calculated that petitioner was responsible for 82.48 grams of heroin, using the amounts of heroin sold to confidential informers by petitioner and his co-defendant and information provided by other purchasers. Petitioner does not say that the drug amounts were inaccurate or without foundation; he simply says that his counsel should have objected to them. More than this is required before a court must hold an evidentiary hearing. This is particularly true when it does not appear that petitioner has given any thought to the possibility that if his counsel had objected to the drug amounts without being in possession of any facts to support the objection, petitioner would have lost his three-point downward adjustment for acceptance of responsibility for his criminal acts. Finally, the government points out that petitioner's sentence was determined by his status as a career offender and not by the amount of drugs he sold. U.S.S.G. § 4B1.1(b)(3) (person who is found to be career offender and subject to a statutory maximum sentence of 20 years has offense level of 32). Thus, his guideline level would not have changed even if he had been able to show that the estimated drug amounts were erroneous.

Petitioner's second claim is that his counsel gave him inadequate advice about the amount of time he was likely to serve if he entered a plea of guilty. This claim is not only unsupported by any factual detail about what counsel told him, or when, but is rebutted by the record. At the time petitioner entered his plea of guilty, he was told in open court that he faced a sentence of no more than 20 years. This is consistent with the sentence of 168 months that he received. Moreover, he told the court under oath that no one had made him any promises about the length of his anticipated sentence. Plea hrg. trans., dkt. #55, at 4,

12-13. An evidentiary hearing would not help him because it is well established that even in a civil case, "litigants cannot create a factual issue requiring trial by contradicting, under oath, a prior sworn statement." United States v. Stewart, 198 F.3d 984, 986 (7th Cir. 1999). See also Collins, 796 F.3d at 835 ("a denial of guilt that contradicts a defendant's testimony does not establish a fair and just reason to withdraw a plea").

As for the new allegations that petitioner makes about his counsel in his response brief, I am disregarding them because petitioner did not raise them in his original motion and the government has had no opportunity to respond to them. Even if I did consider them, however, they would fail for the same reason that petitioner's original claim of ineffective assistance of counsel cannot succeed: petitioner disavowed those allegations under oath at the plea hearing.

As for petitioner's third claim that the government engaged in prosecutorial misconduct when "it threatened to give him at least 22 years if he did not plead guilty," petitioner has provided no factual support for this claim. (Although the maximum penalty for the count to which petitioner pleaded guilty is 20 years, he was charged with three counts and, if convicted of all three counts, could have received a sentence as long as 60 years.) Any claim of coercion is undercut by the transcript of petitioner's plea hearing, which shows that he was given an opportunity to continue the hearing if he had any reservations about pleading guilty at that time. Plea hrg. trans., dkt. #55, at 2-3. At the same hearing, he answered "no" when asked by the court whether anyone had threatened him or forced him to plead guilty. If he believed that the government had made the threats he now says it did,

5

he should have spoken up at the plea hearing, rather than answering "no." To repeat, "[a] defendant has no legal entitlement to benefit by contradicting himself under oath. Thus, when the judge credits the defendant's statements in open court, the game is over." Stewart, 198 F.3d at 987.

In summary, I conclude that petitioner has failed to show that he is entitled to an evidentiary hearing on his claims or that his claims have any merit. Therefore, his motion will be denied.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Defendant has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a

notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that petitioner John L. Davis's motion for post conviction relief under 28 U.S.C. § 2255, dkt. #1, is DENIED. Further, it is ordered that no certificate of appealability shall issue. Defendant may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 3d day of February, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge